UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.    08 CR 355 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT McGLORY | ) | Chief Judge James F. Holderman |

**GOVERNMENT'S UNOPPOSED FIRST MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 30-day extension of time, to and including June 27, 2008, in which to seek the return of an indictment against the defendant, for the following reasons:

1.     On or about May 2, 2008, the defendant, Robert McGlory, was arrested in the Northern District of Illinois for receiving and unlawfully having in his possession mail which had been stolen, taken, embezzled, and abstracted, knowing the same to have been stolen, taken, embezzled, or abstracted, in violation of Title 18 United States Code, Section 1708.  The investigation involved, among other things, surveillance, trash pulls, handwriting analysis, victim interviews, and document collection.  The evidence collected during the investigation was sufficient to establish probable cause that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 1708 (mail theft) and 1028 (identity theft) were located in the defendant's residence.  On April 28, 2008, a search warrant for his residence was authorized by Magistrate Judge Morton Denlow.  On May 2, 2008, the search warrant was executed.  During that search, Postal Inspectors located and seized from McGlory's residence, among other things, victim

identification cards and in excess of 75 pieces of stolen mail. The defendant was placed in federal custody shortly thereafter.

2.  As a result of the above described information, several additional search warrants have been authorized. Evidence, fruits, and instrumentalities of several different federal violations have been seized. Specific details regarding the search of the defendant's residence and subsequent searches and seizures are contained in the accompanying Attachment, which has been filed under seal.

3.  A number of factors have led to the government's request for an extension. Those factors include the need to analyze all evidence seized as a result of the multiple search warrants that were authorized. The remaining factors are enumerated in the Attachment.

4.  Thus, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against a defendant based on his arrest will not be sufficient. The United States estimates that a 30-day extension from the current expiration date of May 30, 2008, to and including June 27, 2008, will be sufficient time within which to return an indictment in this matter.

5.  Among the factors identified by Congress as relevant to the determination of whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(iii), (iv).

6. The government respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the investigation includes analysis of a significant amount of evidence. The government cannot complete its investigation and appropriately conclude the investigation within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

7. Counsel for the government spoke to counsel for defendant regarding this Motion on May 21, 2008. Counsel for defendant indicated that he does not oppose this Motion.

WHEREFORE, the United States respectfully requests a 30-day extension of time from May 30, 2008 to June 27, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:   /s/ Bethany K. Biesenthal
      BETHANY K. BIESENTHAL
      Assistant United States Attorney
      United States Attorney's Office
      219 South Dearborn Street
      Chicago, Illinois  60604
      (312) 886-7629

Dated: May 22, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**Government's Unopposed First Motion for an Extension of Time to Return Indictment Pursuant to 18 U.S.C. § 3161(h)**

were served on May 22, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-7629