```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA    )
        Plaintiff,          )
                            )
    vs.                     )    Case 08 CR 355
                            )
ROBERT MCGLORY              )
        Defendant           )
                            )
```

                    **MOTION TO VACATE DETENTION ORDER
                      AND ORDER PRETRIAL RELEASE**

Robert McGlory, pro se, respectfully requests that the Court vacate an order of detention entered by Magistrate Judge Morton Denlow, and instead order that Mr. McGlory be placed on pretrial release on a recognizance bond with the condition of 24-hour home confinement. Additional conditions would be that Mr. McGlory live in a house with his mother in a residence located at 6418 West Palmer, Chicago, Illinois 60707. Further conditions would be that Ernestine Vaughn - mother, would co-sign the bond and act as third party custodians; that the defendant would be placed on any other restrictions as may be required by the court.

This Court must consider detention for Mr. Robert McGlory in light of only one factor, risk of flight. The government argues that Robert McGlory poses a risk of flight based on the fact that he has a criminal background, he has committed a serious crime. Allegations of the commission of a serious crime and a fact of a potentially long sentence are insufficient to establish risk of flight. U.S. v. Friedman, 837 F.2d 48 (2nd Cir. 1988).

According to United States v. Portes, 786 F.2d 758, 764 (7th Cir. 1985), the Government must show by a preponderance of the evidence that the defendant is a risk of flight and that no conditions or combination of conditions will reasonably assure the defendant's presence. See Portes, 786 F.2d at 765. The mere opportunity to flee is not enough to justify detention. U.S. v. Chen, 820 F.Supp. 1205, 1208 (N.D. Cal. 1992)(citing United States v. Himler, 797 F.2d 156, 162 (3rd Cir. 1986)). The court cannot order detention merely because there are no conditions that would guarantee the defendant's appearance at trial. Portes, 786 F.2d at 764

*FILED JUN 1 6 2008 — MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT*

n. 7 (citing United States v. Orta, 760 F.2d 887, 891-92 (8th Cir. 1985)).

In this case, the Government cannot meet its burden to establish by a preponderance of the evidence that Robert McGlory is a flight risk. The fact is that Magistrate Judge Denlow granted a temporary release of the defendant Robert McGlory, from May 30, 2008, until 0900 May 31, 2008, to attend his daughters' graduation and party. The defendant, Robert McGlory, did in fact attend his daughters' graduation and surrendered himself as per the court order made by Magistrate Judge Moton Denlow on May 28, 2008. (See attached order).

In short, Mr. McGlory is unlikely to flee because his family is in the United States, and he desires to face the charges and fight them. He has no interest in fleeing the jurisdiction of the Court.

WHEREFORE, for all the reasons noted above, Mr. McGlory respectfully moves this Honorable Court to release him on bond pending trial with the conditions stated above or any othet conditions as the Court may deem appropriate.

Respectfully submitted,

_____
Robert McGlory pro se

PROOF OF SERVICE

I, Robert McGlory, hereby certify that I properly placed the attached documents in an envelope, sealed the envelope and mailed it with First Class postage prepaid on the 12th day of June, 2008.

The envelope was addressed as follows:

UNITED STATES ATTORNEY'S OFFICE

UNITED STATES COURT HOUSE

219 SOUTH DEARBORN STREET ROOM 500

CHICAGO ILLINOIS 60604


Server's Address: Robert McGlory

    c/o Metropolitan Correctional Center

    71 West Van Buren Street

    Chicago, Illinois 60604

Without Prejudice,

_Robert McGlory_　　　　　　　　　　　　06/12/08
Robert McGlory　　　　　　　　　　　　　Date